# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**LONNIE KEVIN CLINE,**

    **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　　**CIVIL ACTION NO. 2:06cv70**
　　　　　　　　　　　　　　　　　　　　　**(Judge Maxwell)**

**CENTRAL REGIONAL JAIL,**

    **Defendant.**

## REPORT AND RECOMMENDATION

On July 6, 2006, plaintiff, who is a state prisoner, filed a complaint pursuant to 42 U.S.C. §1983. On August 29, 2006, an order was entered granting the plaintiff's Application to Proceed Without Prepayment of Costs. This matter is before the undersigned for an initial review and report and recommendation pursuant to LR PL P 83.01 and 28 U.S.C. §1915(e)

## I. THE COMPLAINT

The plaintiff, who is currently incarcerated in the Tygart Valley Regional Jail in Belington, West Virginia, has filed a complaint against the Central Regional Jail complaining of several conditions of confinement in that facility. The plaintiff seeks to an unspecified amount of damages for time he has been "held unconstitutionally" and reversal of his sentences due to improper prejudice and state interference with counsel.

The plaintiff's complaint contains three specific claims for relief. First, he alleges that on December 25, 2005, one of the inmates on the upper deck flushed a jacket down the toilet thereby clogging up the drains and causing extensive flooding of three pods. The plaintiff alleges that the inmates were forced to clean up the mess of raw sewage which had an average depth of three to four

inches. The plaintiff further alleges that the inmates were forced to eat three meals in this unsanitary environment. Finally, the plaintiff alleges that the inmates were locked down all night without clean clothes, bedding or showers.

The plaintiff's second claim for relief is that the law library at the Central Regional Jail was sold while he was incarcerated there and replaced with an "unconstitutional computer with five books." The plaintiff appears to allege that the materials contained in the revised law library violate the inmate rights in the Rights of Prisoners Handbook, Appendix C.

Finally, the plaintiff alleges, without specificity, that there is a problem with the medical care at the Central Regional Jail. The plaintiff makes no specific allegations with regard to any problems he encountered but merely states that "we have over one hundred signatures with complaints that have also been exhausted with no resolution from the grievance procedure."

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. Complaints which are frivolous or malicious, must be dismissed. 28 U.S.C. 1915(e).

A complaint is frivolous if it is without arguable merit either in law or fact. Neitzke v. Williams, 490 U.S. 319, 325. However, the Court must read *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520 (1972). A complaint filed *in forma pauperis* which fails to state a claim under Fed. R. Civ. P. 12(b)(6) is not automatically frivolous. See Neitzke at 328. Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless," Id. at 327, or

2

when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). This includes claims in which the plaintiff has little or no chance of success. See Estelle v. Gamble, 429 U.S. 97, 106 (1976). As discussed more fully below, the plaintiff's request for damages against the defendant has no chance for success. Therefore, the undersigned recommends that this case be dismissed.

### III. ANALYSIS

42 U.S.C. §1983 provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

Therefore, in order to state a claim under 42 U.S.C. § 1983, the plaintiff must demonstrate that a person acting under color of state law deprived him of the rights guaranteed by the Constitution or federal laws. Rendall-Baker v. Kohn, 547 U.S. 830, 838 (1982)

In the instant case, the plaintiff does not name any person as a defendant, but instead, names the Central Regional Jail. The Central Regional Jail is not a proper defendant because it is not a person subject to suit under 42 U.S.C. § 1983. See Preval v. Reno, 203 F.3d 821 (4th Cir. 200) (unpublished) ("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amendable to suit under 42 U.S.C. § 1983); and Brooks v. Pembroke City Jail, 722 F.Supp. 1294, 1301 (E.D.N.C.

3

1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit.")

## IV.  RECOMMENDATION

In consideration of the foregoing, it is the undersigned's recommendation that the complaint (Doc. 1) be **DISMISSED WITH PREJUDICE** under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.

Any party may file within ten (10) days after being served with a copy of this Recommendation with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections.  A copy of such objections should also be submitted to the Honorable Robert E. Maxwell, United States District Judge.  Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation.[1]

The Clerk of Court is directed to mail a copy of this Recommendation to the *pro se* plaintiff.

DATED:   October 5, 2006

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE

---

[1] 28 U.S.C. § 636(b)(1);  Thomas v. Arn, 474 U.S. 140 (1985);  Wright v. Collins, 766 F.2d 841 (4th Cir. 1985);  United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).